**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4097

RENE AVELLANEDA MUNOZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-206)

Submitted: February 8, 2000

Decided: February 24, 2000

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rene Avellaneda Munoz, Appellant Pro Se. Lawrence Patrick Auld,
OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rene Avellaneda Munoz appeals his conviction and sentence pursuant to his plea of guilty to one count of conspiracy to distribute marijuana and possess with intent to distribute and distribute marijuana in violation of 21 U.S.C. § 846 (1994). On appeal, Munoz contends that: (1) counsel was ineffective; (2) the district court committed plain error in its determination of the amount of drugs for sentencing purposes; (3) the district court failed to inform him that by his guilty plea he was waiving his right to confront and cross-examine witnesses and his right against compelled self-incrimination; and (4) the district court failed to determine whether he had an opportunity to review the presentence investigation report ("PSR") and discuss it with his counsel. Because we find no reversible error, we affirm.

We decline to review Munoz's claim regarding ineffective assistance of counsel. Because it does not "conclusively appear[ ] from the record" that counsel was ineffective, United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995) (internal quotation omitted), this claim is better adjudicated in a motion under 28 U.S.C.A. § 2255 (West Supp. 1999). See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Munoz did not object at sentencing to the drug amount recommended in the PSR. Accordingly, this court reviews for plain error Munoz's claim regarding the district court's determination of the amount of drugs attributed to Munoz for sentencing purposes. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir. 1993). To reverse for plain error, this Court must "(1) identify an error; (2) which is plain; (3) which affects substantial rights; and (4) which `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). We find that there was no error. Because there was no objection at sentencing, the district court did not err in relying on the drug amounts provided in the PSR. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

We also find that any violation during the Rule 11 proceedings was harmless.*See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). A court may vacate a conviction made pursuant to a plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117; Fed. R. Crim. P. 11(h). "The court must determine whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." Goins, 51 F.3d at 402 (internal quotation omitted). Because Munoz was informed in the plea agreement of the rights he was waiving, we find that the district court's failure to specifically review those rights was harmless.

We also find that Munoz was not prejudiced by the district court's failure to specifically determine whether he had an opportunity to review the PSR and discuss its contents with counsel. See United States v. Lockhart, 58 F.3d 86, 88-89 (4th Cir. 1995). Munoz has not established any error in the PSR that he would have successfully challenged at sentencing had it been established that he did not have an opportunity to review the PSR.

Accordingly, we affirm Munoz's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Rule 11 of the Federal Rules of Criminal Procedure.

3