**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leroy LOCKHART, Jr., Defendant–
Appellant.**

No. 94–5131.

United States Court of Appeals,
Fourth Circuit.

Argued May 3, 1995.

Decided June 22, 1995.

**ARGUED:** Aaron Edmund Michel, Charlotte, NC, for appellant. Brian Lee Whisler, Asst. U.S. Atty., Charlotte, NC, for appellee. **ON BRIEF:** Mark T. Calloway, U.S. Atty., Charlotte, NC, for appellee.

Before HALL, WILKINSON, and WILKINS, Circuit Judges.

Affirmed by published opinion, Judge WILKINS wrote the opinion, in which Judge HALL and Judge WILKINSON joined.

## OPINION

WILKINS, Circuit Judge:

Leroy Lockhart, Jr. pled guilty pursuant to a plea agreement to possessing with the intent to distribute cocaine base, *see* 21 U.S.C.A. § 841(a)(1) (West 1981), and to using or carrying a firearm during and in relation to a drug trafficking crime, *see* 18 U.S.C.A. § 924(c) (West Supp.1995). He now alleges that the Government breached the plea agreement, that the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(3)(A), and that his sentence is violative of the Eighth Amendment. We affirm.

I.

Lockhart's plea agreement included the parties' stipulations that the amount of cocaine base attributable to him was 19.4 grams (thus invoking a mandatory minimum sentence of 60 months on the § 841(a)(1) charge, *see* 21 U.S.C.A. § 841(b)(1)(B) (West Supp.1995)) and that he was subject to a mandatory 60–month sentence on the § 924(c) firearms charge to be served consecutively to the sentence imposed on the narcotics charge. The parties also stipulated that, if requested to do so, Lockhart would provide the Government with information regarding other criminal activity within his knowledge. In return for Lockhart's cooperation, the Government agreed to move for a downward departure if, in its sole discretion, it determined that he had provided substantial assistance.

Prior to sentencing, the United States Probation Office prepared a presentence report and attempted to deliver it to Lockhart, but was unable to do so because Lockhart had provided a fictitious address. Because Lockhart could not be located, the Probation Office delivered two copies of the report to his counsel, Aaron Michel. Shortly thereafter, Michel filed objections to four paragraphs of the presentence report. Two of these objections were prefaced by the phrases "The Defendant maintains" and "The Defendant objects." At the sentencing hearing, the district court adopted the factual findings of the presentence report without objection, noted that Lockhart was subject to a statutory mandatory minimum sentence of 60 months on each count with the sentence for the § 924(c) charge to be served consecutively to the sentence on the § 841(a)(1) charge, and

accordingly sentenced Lockhart to 120 months imprisonment.

## II.

■ Lockhart first maintains that the Government breached the plea agreement by refusing to provide him with an opportunity to render substantial assistance and thus earn a downward departure. *See* 18 U.S.C.A. § 3553(e) (West Supp.1995). Lockhart claims that the Government engaged in a "bait-and-switch" scheme, inducing him to plead guilty with the illusory promise of a substantial assistance motion.

The plea agreement clearly granted the Government discretion in determining whether to seek assistance from Lockhart and whether to move for a downward departure. And, Lockhart does not allege that the Government was motivated by any type of impermissible animus in failing to provide him with an opportunity to provide assistance or that this failure was not rationally related to a legitimate Government end. *Cf. Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992) (When there is no binding obligation on the Government to make a motion for downward departure, the failure to do so may be challenged only on the basis of unconstitutional motive or lack of a rational relationship to a legitimate governmental objective.); *United States v. Maddox*, 48 F.3d 791, 795 (4th Cir.1995). Accordingly, we reject this argument.

## III.

■ Lockhart also claims that the district court violated Federal Rule of Criminal Procedure 32(c)(3)(A) by failing to determine whether he had read the presentence report and discussed it with his attorney prior to sentencing. Lockhart contends that this error entitles him to a remand for resentencing. Because Lockhart did not raise this issue before the district court, we review it only for plain error. *See United States v. Olano*, — U.S. —, —, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993); *cf. United States v. Lewis*, 10 F.3d 1086, 1092 (4th Cir.1993) (applying plain error analysis to denial of allocution in violation of Rule

32(c)(3)(C)). Thus, before vacating Lockhart's sentence we must be convinced that (1) an error was committed; (2) the error was plain; and (3) the error affected Lockhart's substantial rights. *Olano,* — U.S. at —–—, 113 S.Ct. at 1777–78. Once these threshold requirements are satisfied, we must also decide whether the error is of a type that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano,* — U.S. at —, 113 S.Ct. at 1779 (internal quotation marks omitted; alteration in original).

■ Rule 32(c)(3)(A) provides in pertinent part that "[b]efore imposing sentence, the court *must* . . . verify that the defendant and defendant's counsel have read and discussed the presentence report." (Emphasis added.) On its face, the language of the Rule is mandatory and allows no exceptions. However, the district court need not expressly ask whether the defendant has read the presentence report and discussed it with his counsel, provided "there is . . . evidence in the record from which one could reasonably infer" that the defendant and his counsel have read and discussed the report. *United States v. Miller,* 849 F.2d 896, 897–98 (4th Cir.1988).

> [F]unctional equivalency [to an express inquiry by the district court] should not lightly be assumed. Though there may be cases in which a defendant, despite the absence of the focused inquiry that the language of the rule requires, can be said to have received its functional equivalent, such cases will be few and far between. Doubts should be resolved in the defendant's favor.

*United States v. De Alba Pagan,* 33 F.3d 125, 129 (1st Cir.1994) (discussing allocution).

■ Here, the record before the district court does not adequately demonstrate that Lockhart had read the presentence report and discussed it with his counsel before sentencing. The only evidence to support such a conclusion are objections to the presentence report, filed by Lockhart's attorney approximately three months prior to sentencing, which stated that "[t]he Defendant" objected to certain factual statements. This informa-

tion simply is not sufficient to allow the district court to determine, without an express inquiry, that Lockhart had read and discussed the presentence report with his counsel. Our precedents, and Rule 32(c)(3)(A) itself, require more. *See United States v. McManus,* 23 F.3d 878, 884–85 (4th Cir.1994) (Rule satisfied when copy of presentence report bearing marks in the defendant's handwriting was entered into record and the defendant objected to portions of the report and discussed the evidence at sentencing); *United States v. Daniel,* 3 F.3d 775, 780 (4th Cir.1993) (Rule satisfied when defendant researched various sentencing issues and repeatedly interrupted the sentencing hearing to correct counsel's misstatements), *cert. denied,* —— U.S. ——, 114 S.Ct. 1101, 127 L.Ed.2d 413 (1994). We therefore conclude that error was committed and that the error was plain.

Nevertheless, we need not vacate Lockhart's sentence because he has failed to show that the error would have affected the outcome of the sentencing proceeding, *i.e.,* that it was prejudicial. *See Olano,* —— U.S. at —— – ——, 113 S.Ct. at 1777–78.* Lockhart has not pointed to any portion of the presentence report that he would have challenged had the district court made an express inquiry. And, as previously noted, Lockhart received the minimum sentence allowed by the law. Thus, Lockhart has failed to show that the error would have affected his sentence and remand for resentencing "would be a fruitless exercise." *Lewis,* 10 F.3d at 1092. We therefore affirm Lockhart's sentence.

■ Because the district court strayed from the plain, mandatory language of Rule 32(c)(3)(A), we take this opportunity to emphasize that it is by far the better approach for the district court simply to inquire at the sentencing hearing whether the defendant has received and read the presentence report and whether he has discussed it with counsel. Even though we have declined to impose specific procedures for the application of Rule 32(c)(3)(A), *see McManus,* 23 F.3d at

885, we note that it is readily apparent that appeals such as this could be avoided if the district court would ask, without exception, a series of routine questions designed to provide it with the information necessary to make the determinations required by Rule 32(c)(3)(A). And, although under the specific circumstances here Lockhart's sentence need not be vacated because he failed to make any showing of possible prejudice, such will not always be the case.

IV.

■ Finally, Lockhart claims that his 120–month sentence is violative of the Eighth Amendment prohibition against cruel and unusual punishment. It is well settled that proportionality review is not appropriate for any sentence less than life imprisonment without the possibility of parole. *United States v. Polk,* 905 F.2d 54, 55 (4th Cir.), *cert. denied,* 498 U.S. 985, 111 S.Ct. 519, 112 L.Ed.2d 531 (1990). Thus, we decline to consider this argument.

Having determined that all of Lockhart's assertions of error are without merit, we affirm.

*AFFIRMED.*

---

* The Supreme Court noted in *Olano* that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome." *Olano,* —— U.S. at ——, 113 S.Ct. at 1778. Violations of Rule 32(c) do not fall within this category of plain errors. *Cf. United States v. Cole,* 27 F.3d 996, 999 ("Our decision in *Lewis* [, 10 F.3d at 1092,] has foreclosed any argument that a denial of allocution *per se* affects 'substantial rights.' ").