**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5547

JAMES AARON GLENN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-95-8)

Submitted: March 21, 1996

Decided: May 2, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Clifton T. Barrett, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, James Aaron Glenn pled guilty to one count of possession with intent to distribute 10.98 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1981 & Supp. 1995), and one count of carrying and using a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1995). The district court sentenced Glenn to 188 months in prison on the drug count and a consecutive sixty month prison term on the firearms count. Glenn timely appealed. Glenn's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting several claims, but concluding that there were no meritorious grounds for appeal. Glenn filed a supplemental pro se brief, reasserting the claims raised by counsel and raising additional grounds for appeal.

Glenn's claims concerning his sentence are meritless. First, he asserts that the government should have filed a motion for a downward departure in his sentence under U.S.S.G. § 5K1.1,* because he provided information to the government prior to his guilty plea and was a potential witness in an ongoing case. However, the plea agreement did not require the government to make such a motion for a downward departure and Glenn presented no evidence that the government's failure to make such a motion was based on an unconstitutional motive such as race or religion or was not rationally related to a legitimate government purpose. Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Lockhart , 58 F.3d 86, 88 (4th Cir. 1995).

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Due to his prior drug and robbery convictions, Glenn was classified as a career offender under U.S.S.G. § 4B1.1, resulting in an increased offense level. He claims that this violated the prohibition against double jeopardy. However, sentence enhancement under the career offender provision is not a second punishment, but rather is a more severe penalty for a subsequent crime which is considered an aggravated crime because of the earlier offense. United States v. Garrett, 959 F.2d 1005, 1009 (D.C. Cir. 1992); cf. Gryger v. Burke, 334 U.S. 728, 732 (1948).

Next, Glenn claims that the increased penalty for cocaine base as compared to cocaine under 21 U.S.C.A. § 841 is unconstitutional. This Court has previously rejected this argument. United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923).

In his supplemental brief, Glenn also raised claims of ineffective assistance of counsel and prosecutorial misconduct. The ineffective assistance claim must be raised in a 28 U.S.C. § 2255 (1988) motion rather than on direct appeal because it does not appear conclusively from the record that counsel was ineffective. United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 507 U.S. 942 (1993). Finally, Glenn failed to present any evidence to substantiate his claim of prosecutorial misconduct.

In accordance with the requirements of Anders , supra, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED