89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo DELACRUZ, Defendant-Appellant.
 No. 95-1623.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 Before: BROWN, MARTIN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Alfredo Delacruz, appeals his conviction on a plea of guilty to carrying a firearm in relation to a drug trafficking crime, under 18 U.S.C. § 924(c). Delacruz claims that his plea of guilty should be set aside because he was denied effective assistance of counsel, the court failed to comply with Fed.R.Crim.P. 11, and the court failed to comply with Fed.R.Crim.P. 32(c)(3)(A). We affirm.
 
 I. FACTS
 
 2
 Delacruz was arrested for selling cocaine to undercover police officers. At the time of his arrest, he was driving a car belonging to a friend, Carolyn Smith. The arresting officers recovered a revolver under the front passenger seat of the car. No fingerprints of Delacruz were found on the revolver, but one of his fingerprints was found on a cartridge in the revolver.
 
 
 3
 Delacruz and a codefendant, James Martin, were later indicted for trafficking in cocaine, in violation of 21 U.S.C. § 841, and for carrying a firearm in connection with a drug offense, in violation of 18 U.S.C. § 924(c). Martin pled guilty to the trafficking charge and had agreed to testify against Delacruz. Three days later, Delacruz pled guilty to Count 2, the firearms charge, and was subsequently sentenced to imprisonment for a term of 60 months, the mandatory sentence under § 924(c).
 
 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 4
 Delacruz asserts that he was denied the effective assistance of his retained counsel. In particular, he asserts that counsel wrote him letters that erroneously advised Delacruz that the penalty for his charges was 40 years, that he failed to consult with Delacruz when requested and failed to return telephone calls from Delacruz. Finally, he asserts that counsel was ineffective by failing to advise Delacruz that the prosecution might have incorporated into the plea agreement a provision that Delacruz might later have his sentence reduced under USSG § 5K1.1 and Cr.R. 35(b).
 
 
 5
 Some of the evidence, including the letters from retained counsel, upon which Delacruz bases his allegations, were not made part of the record below. Ordinarily, we will not review claims of ineffective assistance of counsel raised for the first time on appeal, as those are better left for a post-conviction proceeding under 28 U.S.C. § 2255. United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994). Because of that general rule and because Delacruz has relied in part on matters that were not before the district court, we decline to consider this issue on direct appeal, without prejudice to the right of Delacruz to raise it by means of a collateral attack under § 2255.
 
 III. COMPLIANCE WITH CRIMINAL RULE 11
 
 6
 Delacruz contends that his conviction should be set aside because the district court did not comply with Rule 11 when it accepted his plea. He claims that he never would have entered into the plea agreement if he had known the Sentencing Guidelines called for no more than a seven year sentence. However, the written plea agreement signed by him indicated that the crime to which he would plead guilty carried a mandatory sentence of five years, and the district court informed him in open court that the charge carried a mandatory punishment of five years plus a fine, a period of supervised release and a special assessment of $50.00.
 
 
 7
 Delacruz further claims that there was no factual basis for his plea under Rule 11. However, he admitted to the court that he and Martin had sold cocaine to an undercover police officer. He also admitted that the revolver was under the passenger seat of the car when he and Martin delivered cocaine to the officer. He first stated that he had borrowed the gun from a friend, then he said that he and Martin had jointly borrowed the revolver. He admitted the purpose for having the revolver was to protect the cocaine and the money they would receive from the sale. This met the requirements for a factual basis under Rule 11. See United States v. Tunning, 69 F.3d 107, 112 (6th Cir.1995).
 
 
 8
 Delacruz also claims that under the recent decision in Bailey v. United States, 116 S.Ct. 501 (1995), there could not have been a factual basis for his plea, because a defendant must do more than possess a weapon while engaged in a drug transaction. However, where a firearm is immediately available for use and is carried for the purpose of protecting the trafficking offense, there is still a factual basis for a plea of guilty. See United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996). The revolver in this case was close to Delacruz in the car, not locked in a trunk or a footlocker in a closet, as found in Bailey.
 
 IV. COMPLIANCE WITH RULE 32
 
 9
 Under Fed.R.Crim.P. 32(c)(3), the court is required to "verify that the defendant and defendant's counsel have read and discussed the presentence report. The prosecution concedes that the court failed to comply with that requirement under Rule 32. However, defense counsel told the court at sentencing that he felt the presentence report was "accurate and fair." Moreover, Delacruz has not shown any prejudice by his not having read the report. There was no discretion to the court in rendering its sentence under § 924(c), because it is a mandatory 60-month sentence. As Delacruz has failed to show what he could have done to have changed the sentence had he read the presentence report, this was only harmless error. See United States v. Lockhart, 58 F.3d 86, 89 (4th Cir.1995).
 
 
 10
 AFFIRMED.