UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

NESTOR V. SANDOVAL-ROCCA,
　　　　　*Defendant-Appellant.*

No. 00-4474

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-00-19-DKC)

Submitted: November 22, 2000

Decided: December 14, 2000

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Lynn
A. Battaglia, United States Attorney, Rod J. Rosenstein, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Nestor V. Sandoval-Rocca pled guilty to one count of reentry by a deported alien in violation of 8 U.S.C.A. § 1326(a) (West 1999). At sentencing, the district court found that Sandoval-Rocca was previously convicted of an aggravated felony. Thus, the statutory maximum term of imprisonment for Sandoval-Rocca was twenty years. *See* 8 U.S.C.A. § 1326(b)(2). Sandoval-Rocca claims that the finding that he was convicted of an aggravated felony was an element of the offense and he should have been informed it was an element of the offense when he pled guilty. Finding no reversible error, we affirm.

Because Sandoval-Rocca did not raise this issue in the district court we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). A reviewing court may notice plain error where (1) an error was committed; (2) the error was plain, meaning obvious; and (3) the error affected substantial rights, in other words, the error was so prejudicial as to affect the outcome of the proceedings. *Id.* at 732-37; *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). Even if the threshold requirements are satisfied, we must then exercise our discretion to determine whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)); *see also United States v. Lockhart*, 58 F.3d 86, 88 (4th Cir. 1995). In order for an error to be plain, "it is enough that [the] error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997).

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that § 1326(b)(2), which authorizes a maximum penalty of twenty years if a defendant convicted of illegal reentry under subsection (a) had a previous conviction for an "aggravated felony," is a penalty provision and, therefore, it is not necessary to

charge the fact of the earlier conviction in the indictment. Sandoval-Rocca contends, however, that *Apprendi v. New Jersey*, 530 U.S. ___, 2000 WL 807189 (U.S. June 26, 2000) (No. 99-478), makes the *Almendarez-Torres* decision questionable. *Apprendi* holds that any fact that increases the penalty for a crime beyond the statutory maximum generally must be submitted to a jury and proved beyond a reasonable doubt. *See id.* at *13. The Court recognized that its decision in *Almendarez-Torres* creates an exception to this general rule where it is the fact of a prior conviction that increases the sentence. *See* 2000 WL 807189, *13. However, the Court noted that perhaps *Almendarez-Torres* was wrongly decided. *See id.* The Court did not further address the prior conviction issue because *Apprendi* did not challenge *Almendarez-Torres* or a sentencing enhancement based on a prior conviction. Thus, *Almendarez-Torres* was not overruled by *Apprendi* and remains the law insofar as it relates to convictions under 8 U.S.C.A. § 1326(a). *See United States v. Dabeit*, ___ F.3d ___, 2000 WL 1634264, *4 (5th Cir. Oct. 30, 2000) (*Apprendi* did not overrule *Almendarez-Torres*); *United States v. Gatewood*, ___ F.3d ___, 2000 WL 1483177 (6th Cir. Oct. 10, 2000) (despite *Apprendi*, *Almendarez-Torres* remains the law); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (lower courts should not presume that Supreme Court has overruled one of its cases by implication. Courts must follow case that directly controls unless clearly overruled by subsequent Supreme Court case). Because *Almendarez-Torres* has not been overruled, the district court did not commit plain error by considering Sandoval-Rocca's aggravated felony to be a sentencing factor and not an element of the offense. *See Dabeit*, 2000 WL 1634264, *4.

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*