UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RONALD E. WALKER,
  *Defendant-Appellant.*

No. 02-4233

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-01-103)

Submitted: September 4, 2002

Decided: September 23, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

E. Dixon Ericson, JOHN R. MITCHELL, L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronald E. Walker appeals his convictions and sentences on charges of aiding and abetting a scheme involving mail and wire fraud and the use of fire in committing a federal felony. Walker was convicted of three separate fraudulent schemes. The first, which he does not challenge on appeal, involved tools and equipment that he falsely reported stolen from his garage. The second concerned a truck belonging to Charles D. Matthews, which Matthews falsely reported stolen to obtain insurance money. The third fraud involved Walker's and Matthews' trucks and a flatbed trailer that were purposely set on fire in order to collect insurance proceeds. Walker was sentenced to thirty-seven months for aiding and abetting mail and wire fraud and a consecutive term of one hundred twenty months for use of fire in the commission of a federal felony.

I.

Walker first argues that the district court failed to instruct the jury on the materiality element of mail and wire fraud. *See United States v. Neder*, 527 U.S. 1, 25 (1999) ("Accordingly, we hold that materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes."). To prove the omission, Walker cites to a portion of the district court's instructions discussing the required relationship between the use of the mail and the fraudulent scheme and the defendant's personal involvement with the use of the mail. However, while that section of the instructions did not mention materiality, the remainder of the instructions properly explained to the jury that the Government was required to prove that the fraud concerned a material matter. (*See* J.A. at 483-85 ("[T]he government would have to prove to you . . . that the scheme . . . involved a plan . . . to deceive another with regard to a material matter."), 486 ("The term false or fraudulent pretenses . . . means a statement . . . which concerns a material or important fact.").) The court also defined the term "material fact." (J.A. at 486). Thus, because the jury instructions as a whole were fair, adequate, and proper, there was no error. *See Smith v. Univ. of NC*, 632 F.2d 316, 332 (4th Cir. 1980) (standard of review).

## II.

Walker challenges the district court's limitation of his cross-examination of two Government witnesses. First, he claims he should have been permitted to question Lorrie Walker as to her involvement with drug dealers while serving as a Government informant. Second, he asserts that he should have been allowed to interrogate Matthews regarding his avoidance through his plea agreement of a ten year mandatory minimum sentence for use of fire in the commission of a felony.

A district court's decision to limit cross-examination is reviewed for abuse of discretion. *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997). A defendant has a right under the Confrontation Clause to cross-examine witnesses who are cooperating with the Government about potential sources of bias. *Id.* However, the trial court retains the discretion to place reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion, repetition, or relevance. *Delware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). An improper denial of an opportunity to examine a witness for bias is subject to harmless error review. *Id.* at 684.

Regarding Lorrie Walker's testimony, Walker asserted that his cross-examination would have shown that Lorrie Walker was highly motivated to provide information and trial testimony adverse to Walker to avoid prosecution for her alleged involvement in drug dealing. However, specific instances of unconvicted conduct are only admissible to attack a witness's credibility if they are probative of truthfulness or untruthfulness. Fed. R. Evid. 608. Walker did not proffer evidence that the Government was aware of the drug dealing and purposely ignored it in order to obtain testimony against Walker. Further, drug dealing is not the type of conduct that necessarily bears on a witness's character for truthfulness. *See United States v. Leake*, 642 F.2d 715, 718 (4th Cir. 1981) (stating that Rule 608(b) expressly permits inquiry into instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement). Finally, Walker's theory would gut Rule 608(b), since every Government witness who has committed uncharged criminal conduct has an interest in cooperating with the Government to avoid prosecution or detection. Thus, because Rule

608(b) prevents the admission of prior conduct except as it bears on a propensity to tell the truth, the district court's limitation was proper.

Turning to the cross-examination of Matthews, the court refused to allow questioning regarding the mandatory minimum sentence because such questioning would, in effect, inform the jury as to the sentence faced by Walker. The court did, however, permit generic questioning as to whether Matthews had secured a favorable bargain by assisting the Government. Because the district court's limitation was reasonable and because Walker was still able to cross-examine Matthews regarding his favorable plea, we find that Walker was not prejudiced by the court's ruling.

### III.

Walker next argues that the evidence was insufficient to show that he aided and abetted Matthews in defrauding the insurance companies regarding the "stolen" truck and the burned trucks. According to Walker, the evidence only showed that he was aware of Matthews' scheme, but failed to prove that he was involved. We review a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in a light most favorable to the Government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in testimony in favor of the Government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Regarding the "stolen" truck fraud, Dennie Leach and Matthews testified that Walker initiated the idea, fronted the money for the new truck, and stored Matthews' "stolen" truck in his garage while Matthews reported to his insurance company that it was stolen. Leach and David King testified that they saw the Matthews' disassembled truck in Walker's garage. Finally, Leach testified that Walker told him to get rid of the truck pieces. The testimony, if believed, was more than sufficient to show that Walker aided and abetted Matthews in defrauding the insurance company.

Concerning the truck fire fraud, Lorrie Walker and Matthews both testified that Walker was involved in planning the burning of the

trucks and choosing the method for setting the fire. Other witnesses stated that Walker lied to the police about not having insurance on his burned truck. Finally, Walker filed a claim on his truck and collected the insurance proceeds. Again, if believed, this testimony was sufficient to show that Walker aided and abetted a scheme to defraud.

IV.

Section 844(h) reads, in pertinent part:

(a) Whoever -

(1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or

(2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States, shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for ten years . . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

Walker argues that the language barring the concurrent running of the additional sentence with "any other term of imprisonment *including that imposed for the felony in which the explosive was used or carried*" (emphasis added), does not bar concurrent sentences as to crimes, such as Walker's, that involved fire rather than explosives. However, we have already rejected Walker's argument. *United States v. Ramey*, 24 F.3d 602, 610 (4th Cir. 1994) ("Certainly [the statute's] language of inclusion cannot be tortured into an *exclusion* of sentences for underlying fire-related felonies.").[1] Thus, the court's con-

---

[1]*Ramey* was abrogated on other grounds by *Jones v. United States*, 529 U.S. 848 (2000).

clusion that the ten year sentence under § 844(h) must run consecutively to Walker's other convictions was not error.[2]

V.

Finally, Walker contends that, because § 844(h)(1) does not contain an interstate nexus, his conviction is invalid. However, § 844(h)(1) does not facially exceed Congress's commerce power, because it is a generic penalty section that draws its constitutional authority from the requirement that the underlying felonies—here, mail and wire fraud—can be prosecuted "in a court of the United States." Because Walker concedes that federal jurisdiction exists regarding his mail and wire fraud convictions, there was no jurisdictional error in his conviction. *See United States v. Pappadopoulos*, 64 F.3d 522, 528 (9th Cir. 1995).

Accordingly, we affirm Walker's convictions and sentences. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Walker also argues that the ten-year minimum mandatory penalty was disproportionately severe in his case. However, we will not review a sentence for proportionality if that sentence is less than life without parole. *United States v. Lockhart*, 58 F.3d 86, 89 (4th Cir. 1995).