**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JEFFREY SCOTT COLE,

*Defendant-Appellant.*

No. 03-4486

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, Chief District Judge.
(CR-02-220)

Submitted: November 24, 2003

Decided: December 29, 2003

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

R. Thomas Czarnik, Princeton, West Virginia, for Appellant. Kasey Warner, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

### OPINION

PER CURIAM:

Jeffrey Scott Cole appeals from the seventy-one month sentence imposed by the district court following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). He argues that the district court erred in determining his criminal history category, USSG § 4A1.1,[1] and erred in increasing his offense level by four upon finding that he possessed the firearm in connection with another felony, USSG § 2K2.1(b)(5). Finding no reversible error, we affirm Cole's sentence.

Cole argues that the sentencing court erred in determining that his sentence on his prior state charges of burglary and driving while under the influence ("DUI") exceeded one year and one month and therefore awarding three criminal history points under USSG § 4A1.1(a), rather than two points under § 4A1.1(b).[2] Cole asserts that his total sentence on those offenses was seven months, seventeen days.

Cole's failure to object to this sentencing issue in the district court amounts to a waiver of his right to raise the issue on appeal, absent plain error.[3] *United States v. Ford*, 88 F.3d 1350, 1355-56 (4th Cir. 1996); *United States v. Grubb*, 11 F.3d 426, 440 (4th Cir. 1993). To consider an issue under the plain error standard, the court must find that (1) an error was committed, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732-36 (1993); *United States v. Lockhart*, 58 F.3d 86, 88 (4th Cir. 1995). Before it will reach an issue, the court must also determine that failure to address the error will "seriously

---

[1]*U.S. Sentencing Guidelines Manual* § 4A1.1 (2002).

[2]Section 4A1.1(a) adds three criminal history points for "each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). Two points are added for "each prior sentence of imprisonment of at least sixty days not counted in (a)." USSG § 4A1.1(b).

[3]In the district court, Cole challenged the three points, arguing that because one of the three offenses with which he was charged was dismissed, only two points were warranted.

affect the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

The state court order imposed sentences for the DUI and burglary offenses, suspended the sentences, and directed that Cole be assigned to West Virginia's youthful offender program, for six months to two years. The state court further gave Cole credit for seven months and seventeen days served awaiting sentencing. Less than seven months later, the state court entered an order noting that Cole had successfully completed the youthful offender program and placing him on probation.

We have previously determined that a sentence satisfied by completing West Virginia's youthful offender program constitutes a term of imprisonment, rather than one of probation. *United States v. Adams*, 988 F.2d 493, 497 (4th Cir. 1993). Here, although Cole asserts that he completed the youthful offender program in seven months and seventeen days, and therefore that is the total length of his sentence on the DUI and burglary offenses, the record supports a contrary conclusion. When initially sentencing Cole, the state court awarded him credit for time served prior to sentencing. The length of this time was seven months and seventeen days. The time span between the date of the initial sentencing and referral to the youthful offender program and the date that the court noted Cole's completion of the program and released him to probation is a few days less than seven months. The sum of these terms of imprisonment exceeds one year and one month. It is upon this reasoning that the sentencing court concluded that Cole's sentence for the DUI and burglary offenses exceeded one year and one month, and thus three criminal history points were warranted. Because the record does not show that the district court's determination of his criminal history category was plainly erroneous, we find that this issue is waived and we decline to address it. *See Olano*, 507 U.S. at 732-36 (providing plain error standard); *Ford*, 88 F.3d at 1355-56 (discussing waiver).

Cole also argues that the district court erred in increasing his offense level by four based on its finding that he used the firearm in connection with the felony offense of malicious wounding. Cole argues that he fired the weapon in self-defense and to ward off an

attack by the victim. He asserts that he did not commit the offense of malicious wounding and, in fact, the state charge of malicious wounding was dismissed.

The Sentencing Guidelines provide for a four-level increase if the firearm was "used or possessed . . . in connection with another felony offense." USSG § 2K2.1(b)(5). "Felony offense" is defined to mean "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG § 2K2.1, comment. (n.7). Thus, contrary to Cole's assertion, the fact that the state charge of malicious wounding was dismissed does not preclude the federal sentencing court from finding that Cole used the firearm in connection with the crime of malicious wounding. *See id.*

Addressing Cole's self-defense assertion, the district court considered his account of the incident between Cole and the victim. The court also noted the location of the shots: one to the victim's stomach —which was deflected by the victim's leather jacket—and one "to the left shoulder, which did penetrate, hit the back of the shoulder." The court found that the location of the shot "cuts heavily against the argument that the defendant here acted in self-defense." We find that the preponderance of the evidence supports the district court's conclusion that Cole did "maliciously shoot . . . [a] person . . . with intent to maim, disfigure, disable or kill." W. Va. Code Ann. § 61-2-9 (2000); *see United States v. Urrego-Linares*, 879 F.2d 1234, 1237-38 (4th Cir. 1989) (providing standard). We therefore find that the four-level increase to Cole's offense level was appropriate.

Accordingly, we affirm Cole's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*