# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 02-4954

JESUS SOLORIO-ACOSTA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-152)

Submitted: December 17, 2003

Decided: January 15, 2004

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jesus Solorio-Acosta pled guilty to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The district court sentenced him to 120 months imprisonment, five years supervised release, and a special assessment of $100. On appeal, Solorio-Acosta contends that the district court erred by (1) failing to verify that he and his counsel had an opportunity to review the presentence report before sentencing and (2) failing to provide a written or oral Spanish translation of the presentence report in violation of his constitutional rights to due process and effective assistance of counsel. Finding no reversible error, we affirm.

On appeal, Solorio-Acosta challenges various aspects of his sentencing. Because none of his assignments of error were presented to the district court, we review his claims under the well-known plain error analysis of Federal Rule of Criminal Procedure 52(b). *See United States v. Olano*, 507 U.S. 725, 731-35 (1993).

Solorio-Acosta first contends that the record fails to show that the district court verified that he and his counsel read and discussed the presentence report before the court imposed sentence. *See* Fed. R. Crim. P. 32(i)(1)(A).

A sentencing court "need not expressly ask whether the defendant has read the presentence report and discussed it with his counsel, provided 'there is . . . evidence in the record from which one could reasonably infer' that the defendant and his counsel have read and discussed the report." *United States v. Lockhart*, 58 F.3d 86, 88 (4th Cir. 1995)(internal citations omitted).

Although the record does not show that the court expressly asked Solorio-Acosta whether he had read the report, we conclude that the record supports the inference that Solorio-Acosta and his counsel in fact read and discussed the report prior to sentencing. While *Lockhart* makes clear that a written objection, standing alone, is not a sufficient basis to find compliance with Rule 32, *see* 58 F.3d at 88-89, here the

evidence shows that Solorio-Acosta's counsel not only objected in writing but also pursued the objection at the sentencing proceeding, at which Solorio-Acosta and an interpreter were present. Second, in reference to one of Solorio-Acosta's objections to the PSR, the judge asked his attorney if Solorio-Acosta was going to provide a statement to the Government in order to fulfill the requirements of the safety valve provision of the Sentencing Guidelines. Counsel stated to the judge, "I have talked with him today about that very issue, and he wishes to do that." Subsequently, counsel wrote a letter to the Government discussing his revelations from a recent interview with Solorio-Acosta. Furthermore, in open court and in the presence of Solorio-Acosta, his attorney discussed the letter and interview. Finally, in reference to the PSR statements made by a co-defendant, Solorio-Acosta's attorney stated to the court, "[Solorio-Acosta] would ask that just the statements of his co-defendant not be allowed." (JA. Vol. II at 57). We are therefore satisfied that Solorio-Acosta and his counsel read and discussed the report prior to sentencing, even though this was not explicitly verified on the record. Accordingly, we find no plain error.

Solorio-Acosta also contends that the district court erred by failing to provide a written or oral Spanish translation of the presentence report, and that this failure deprived him of his constitutional rights to due process and effective assistance of counsel.

Solorio-Acosta correctly states that the court must ensure "every defendant stands equal before the law." *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). The record establishes that a duly sworn interpreter was provided at the sentencing hearings and change of plea hearing. Furthermore, Solorio-Acosta told the court that a translation of the plea agreement had been provided. Subsequently, Solorio-Acosta agreed to cooperate in the preparation of the presentence report. After the report was disseminated, Solorio-Acosta's attorney filed objections, and Solorio-Acosta and an interpreter were present at both sentencing hearings while his attorney pursued those objections. We are therefore satisfied that the district court safeguarded Solorio-Acosta's procedural and substantive rights. Accordingly, we find no plain error.

For the foregoing reasons, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal

arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*