**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4750**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KENNETH BRONSON HUGHES, a/k/a Andrew Alfonso
Skeeter,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, District
Judge.  (CR-02-70105)

———————

Submitted: April 29, 2004            Decided:  May 3, 2004

———————

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James F. Sumpter, JAMES F. SUMPTER, P.C., Richmond, Virginia, for
Appellant.  John L. Brownlee, United States Attorney, R. Andrew
Bassford, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kenneth Bronson Hughes appeals from his conviction and sentence for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced Hughes to a 334-month term of imprisonment and five years' supervised release. On appeal, Hughes claims insufficiency of the evidence and claims the district court erred in denying his motion for a continuance. We affirm Hughes' conviction and sentence.

In evaluating a sufficiency of the evidence challenge, the jury verdict must be upheld if there exists substantial evidence, including circumstantial and direct evidence, to support the verdict, viewing the evidence most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, we do not weigh evidence or review witness credibility, United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), rather, the credibility of witnesses is within the sole province of the jury. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). We may reverse a jury verdict only when there is a complete absence of probative facts to support the jury's conclusions. Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983). Even the uncorroborated testimony of an accomplice may be sufficient to sustain a

conviction.  United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

Here, there was ample evidence to support the jury's verdict, including testimony from Hughes' co-conspirator, Jamie Routt, who testified that Hughes had been his main cocaine supplier for three years, discussed how he purchased between one and three ounces of crack cocaine from Hughes about once a week during that period.  Routt testified as to the price he paid Hughes for the narcotics, and testified about how he resold the crack through subdealers, making approximately $800,000 to support his own consumption of pills and heroin.  The jury heard recorded telephone calls between Routt and Hughes wherein Routt requested three ounces of crack and Hughes agreed to sell and deliver it to him. Testimony from police officers was introduced that Hughes arrived at Routt's house as scheduled and was arrested with three ounces of crack and $1900 cash on his person.  The jury heard evidence from Routt that he did not consume the crack he obtained from Hughes himself, but rather distributed it to two individuals, who then resold it to others.  Finally, a drug enforcement agent testified that the amount of crack Routt was purchasing each week from Hughes was so significant that it was reasonable to know that Routt was distributing it to others, rather than consuming it himself.  We find this evidence to be sufficient to support the jury's determination that Hughes knowingly conspired with Routt to

distribute crack cocaine, based on the weight and frequency of the drug transactions attested to by Routt.

Hughes' final claim on appeal is that the district court abused its discretion in refusing to grant a continuance to allow him additional time to review his presentence investigation report. The record reveals the district court fully considered Hughes' request, permitted Hughes time to review the report, to consult with his attorney about the report, and to proffer evidence in support of his objections to the report before ultimately concluding that a continuance was unnecessary. The district court complied fully with the mandates of Fed. R. Crim. P. 32(i), <u>see</u> <u>U.S. v. Lockhart</u>, 58 F.3d 86, 89 (4th Cir. 1995), and did not abuse its discretion in denying Hughes' motion for continuance. <u>Morris v. Slappy</u>, 461 U.S. 1, 11-12 (1983).

Accordingly, we affirm Hughes' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -