**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4616**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RONALD DANIELS, JR., a/k/a Perry Lenard Metz, a/k/a Junior
Daniels, a/k/a Romello Fernandez Morton,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:08-cr-00143-DCN-1)

Submitted:  January 27, 2010          Decided:  February 18, 2010

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicole N. Mace, THE MACE FIRM, Myrtle Beach, South Carolina, for
Appellant.  W. Walter Wilkins, United States Attorney, Peter T.
Phillips, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Daniels, Jr., pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and was sentenced to 271 months in prison. On appeal, Daniels argues that the district court failed to conduct a proper inquiry pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and requests this court to vacate his sentence and remand to the district court for resentencing. For the reasons that follow, we affirm Daniels's conviction and sentence.

Daniels argues only that the district court erred in failing to ensure that he had the opportunity to review his presentence report ("PSR") with his counsel prior to the sentencing hearing. Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, at the sentencing hearing, the district court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). While the requirement is most easily satisfied by expressly asking whether the report has been read and discussed, Rule 32 is also satisfied if "a statement by counsel or defendant . . . unequivocally demonstrate[s] that the report has been read and discussed by them," or if court records "allow the district court to infer that defendant and defense counsel signed out the

2

report and discussed it together." United States v. Miller, 849 F.2d 896, 898 (4th Cir. 1988).

Where counsel fails to raise this issue with the district court, this court's review is for plain error. See United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995). Accordingly, a litigant is only entitled to relief where he has demonstrated that "an error was committed," "the error was plain," and it affected his "substantial rights." Id.

Here, the record does not clearly demonstrate that Daniels read the PSR and discussed it with counsel before the sentencing hearing. At the sentencing hearing, the court did not expressly ask Daniels if he had the opportunity to review the report, and nothing in the record unequivocally demonstrates that Daniels read the report or discussed it with his counsel. Rather, the court stated without any inquiry that "all parties have had access to the report," but provided no justification for this statement. As a result, the district court committed error, and the error was plain.

Nonetheless, Daniels has failed to demonstrate that the error affected his substantial rights. In his brief, Daniels argues only that he was prevented "from finding any mitigating evidence in his case and from participating in his defense." Daniels explains that, "[f]or example, he did not have the chance to determine if his criminal history was

3

correct, and whether it was correctly calculated," and that by not being able to review the PSR he was not able to present his "complete personal, mental, and medical history to the probation officer and to the court."

Despite his claims, Daniels does not assert that his criminal history actually was incorrect, or that any such error adversely affected his sentencing. Similarly, although he claims not to have had the opportunity to present his full history to the probation officer, Daniels again fails to allege what information is not included in the PSR, or how it would have impacted his sentence. Daniels specifically references the fact that his counsel raised the issue of his mental health at sentencing, but suggests that not all information about this matter was included in the PSR. Yet, the PSR contains a detailed recitation of Daniels's mental and emotional health, his personal history, and his education and employment history. Daniels does not specify any errors or omissions in this information or explain what supplemental information he would have conveyed that could have affected the outcome of the sentencing hearing. Therefore, Daniels's claim entitles him to no relief.

Accordingly, we affirm Daniels's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED