[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2011
JOHN LEY
CLERK

No. 10-13477
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cr-00003-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IZARAEL MARTIN MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 4, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Izarael Martin Martinez appeals his 70-month sentence, imposed after his

guilty plea to illegal reentry of a deported alien, in violation of 8 U.S.C.

§ 1326(a)(2), in connection with 8 U.S.C. § 1326(b)(2). Martinez challenges the procedural and substantive reasonableness of his sentence.

I.

We review a sentence for reasonableness in a two-step process. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). When a defendant fails to object in the district court to a purported procedural error, we review only for plain error. See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). The defendant must show (1) an error (2) that is plain, (3) affects substantial rights, and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (quotation marks omitted).

Second, we review the substantive reasonableness of the sentence under an abuse of discretion standard. United States v. Irey, 612 F.3d 1160, 1188 (11th Cir.

2

2010) (en banc).  When conducting this review, we take into account the totality of the circumstances, including "'the extent of any variance from the Guidelines range.'" Shaw, 560 F.3d at 1237  (quoting Gall, 552 U.S. at 51, 128 S. Ct. at 597).  "If the district court's sentence is within the guidelines range, we expect that the sentence is reasonable."  United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)).

Martinez contends that the district court committed procedural error at sentencing in failing to ask if he and his attorney were supplied with and had discussed the presentence investigation report ("PSI").  Because Martinez did not raise an objection at sentencing, we review only for plain error.  See Massey, 443 F.3d at 818.  At sentencing, the district court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report."  Fed. R. Crim. P. 32(i)(1)(A).  The district court never asked Martinez, or his attorney, whether they had received and discussed the PSI.  Even if the district court's failure to ask constitutes plain error, vacatur and remand of Martinez's sentence is

not warranted because Martinez cannot show that he suffered prejudice from the district court's error. See Olano, 507 U.S. at 732, 113 S. Ct. at 1176. Martinez does not allege that the PSI was inaccurate or that he would have challenged the report if the district court had made an express inquiry. Because Martinez has not shown that he suffered actual prejudice from the district court's error, his sentence is not reversible on this ground. See United States v. Stevens, 223 F.3d 239, 246 (3d Cir. 2000) (holding that noncompliance with Rule 32(i)(1)(A) does not require vacatur and resentencing unless there is some showing of prejudice by the defendant); United States v. Lockhart, 58 F.3d 86, 89 (4th Cir. 1995) (applying plain error analysis to hold that when defendant pointed to no portion of the PSI that he would have challenged had the district court conducted an express inquiry, he did not show prejudice and vacatur and remand were not warranted).

Martinez also argues that the district court procedurally erred by treating the Guidelines as mandatory and by failing to adequately explain the reasons for its sentence. We disagree. Before imposing its sentence, the district court acknowledged that it had considered the 18 U.S.C. § 3553(a) factors and expressly recognized that the Guidelines are advisory. The district court also stated that its sentence was necessary for deterrence and adequately addressed the totality of the circumstances. The district court's explanation was adequate. See Irey, 612 F.3d

4

at 1195 (We have never held "that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter."); United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) ("[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.").

Martinez also challenges the substantive reasonableness of his sentence. He argues that the district court imposed a sentence greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). In light of Martinez's extensive criminal history and repeated deportations, we cannot say that the district court's 70-month sentence, which was at the lowest end of Martinez's advisory guidelines range of 70 to 87 months imprisonment and well below the twenty-year statutory maximum sentence, is unreasonable. See Hunt, 526 F.3d at 746.

AFFIRMED.