**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4389**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE LEE STALLINGS, a/k/a Smiley,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:17-cr-00066-BO-1)

Submitted:  February 27, 2019                    Decided:  March 18, 2019

Before DUNCAN, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Bryan M. Stephany, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Lee Stallings pled guilty, without a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court found Stallings' Sentencing Guidelines range to be 100 to 120 months' imprisonment, and sentenced Stallings to 108 months' imprisonment. On appeal, Stallings argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we examine, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Id*. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id*. at 51.

Stallings alleges four procedural errors. First, Stallings argues that his sentence is procedurally unreasonable because the district court failed to verify that he and his defense counsel had read and discussed the presentence report. Stallings did not object at

2

the sentencing hearing, so we review for plain error. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *Id.* at 685. "If each of those three requirements are satisfied, we possess discretion on whether to recognize the error, but . . . should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

District courts are required to determine that defendants have read and discussed the PSR with their counsel prior to sentencing. *United States v. Miller*, 849 F.2d 896, 897-98 (4th Cir. 1988); Fed. R. Crim. P. 32(i)(1)(A). Upon a review of the record, we conclude that the district court did not inquire whether Stallings had read and discussed the PSR, nor was it clear from the record that Stallings had done so. Accordingly, the district court committed error, and that error was plain. However, because Stallings has not shown that the error prejudiced him in any way, Stallings has failed to satisfy the third plain-error prong, and we decline to vacate the sentence on this ground. *See United States v. Lockhart*, 58 F.3d 86, 88-89 (4th Cir. 1995).

Stallings' second assignment of error is the district court's failure to notify him that he might be eligible to appeal in forma pauperis. Again, because Stallings did not object at the sentencing hearing, we review for plain error. *See Cohen*, 888 F.3d at 678. Stallings concedes that he was not prejudiced by this violation, and we agree. He therefore cannot prevail under plain error review.

3

Stallings next argues that the district court erred in applying to his Sentencing Guidelines calculation a 4-level enhancement for possessing the firearm in connection with another felony offense. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). This enhancement applies as long as "the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. Jenkins*, 566 F.3d 160, 162 (4th Cir. 2009) (citation, brackets, and internal quotation marks omitted). In the case of a drug-trafficking offense, the enhancement applies when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1 cmt. n.14(B).

A district court's finding that, based on the specific facts of a case, a firearm had the potential for facilitating another felony offense is a factual determination, subject to the clearly erroneous standard of review. *Jenkins*, 566 F.3d at 163. Here, the district court found sufficient evidence to support a finding that the firearm was used in connection with drug trafficking. On this record, we conclude that the district court's factual finding is not clearly erroneous. Accordingly, we find the district court did not abuse its discretion in applying the 4-level enhancement for possessing a firearm in connection with another offense.

Stallings also contends that the district court erred by applying the 2-level enhancement for obstruction of justice. The obstruction of justice enhancement applies when "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation . . . of the instant offense of

4

conviction." USSG § 3C1.1. Stallings does not dispute that he convinced his girlfriend to lie to the police on his behalf and claim ownership of the stolen firearm found in his home. Stallings argues, however, that the enhancement should not apply because he turned himself in shortly thereafter and there is no evidence that police believed his girlfriend or that her statement significantly impeded the investigation. We conclude that Stallings' conduct in recruiting a third party into a scheme to misdirect the police is sufficient to justify the application of the obstruction of justice enhancement. Accordingly, the district court did not abuse its discretion in applying the enhancement.

Finally, Stallings argues that his sentence is substantively unreasonable because, due to the alleged procedural errors, the sentence was based on an incorrectly calculated Guidelines range. We disagree. Our review of the record reveals no significant procedural errors, and we conclude that the Guidelines range was correctly calculated. Stallings has not pointed to any other basis on which to conclude that his sentence is substantively unreasonable, and we discern none. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.").

We therefore affirm Stallings' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*