<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4953**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

APRIL NICOLE HUCKABEE GARRETT,

Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:09-cr-00428-HFF-1)

———————

Submitted:  March 8, 2010               Decided:  March 26, 2010

———————

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

April Nicole Huckabee Garrett pled guilty to two counts of falsely representing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (2006), and one count of passing a counterfeit money order, in violation of 18 U.S.C. § 500 (2006), and was sentenced to twelve months in prison. On appeal, Garrett's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but questions whether the district court committed procedural error in sentencing Garrett. Additionally, a review of the record revealed another potentially meritorious issue: whether the district court erred in failing to ascertain at sentencing whether Garrett had reviewed the presentence report ("PSR") with her attorney. Garrett was advised of her right to file a pro se brief, but has not done so. The Government also has not filed a brief. Finding no error, we affirm.

Under Fed. R. Crim. P. 32(i)(1)(A), the district court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." However, the court "need not expressly ask whether the defendant has read the presentence report and discussed it with [her] counsel, provided 'there is . . . evidence in the record from which one could reasonably infer'

2

that the defendant and [her] counsel have read and discussed the report." United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995) (quoting United States v. Miller, 849 F.2d 896, 897-98 (4th Cir. 1988)) (alteration in original). Where, as here, a defendant fails to raise this issue before the district court, this court reviews it only for plain error. Id. Thus, we "must be convinced that (1) an error was committed; (2) the error was plain; and (3) the error affected [Garrett's] substantial rights." Id.

Here, the district court specifically asked Garrett if she had the opportunity to go over the PSR and whether she had any questions, but failed to ask whether counsel had reviewed a copy and whether Garrett discussed the report with counsel. Moreover, nothing in the transcript confirms that Garrett discussed the PSR with counsel prior to the sentencing hearing; the transcript shows only that the court asked counsel if he had any objections to the PSR, and counsel stated that he did not. Accordingly, we find that the district court committed error, and that the error was plain. Nonetheless, Garrett is not entitled to relief, as the record does not demonstrate that the error affected the outcome of the sentencing hearing. The PSR properly calculated the applicable Guidelines range, and Garrett was sentenced within that range. Therefore, "remand for resentencing 'would be a fruitless exercise.'" Lockhart,

58 F.3d at 89 (quoting United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993)).

In the Anders brief, Garrett's counsel challenges the procedural reasonableness of Garrett's sentence. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." See Gall v. United States, 552 U.S. 38, 51 (2007). Here, the Guidelines range was properly calculated, and the court treated the Guidelines as discretionary and articulated a rationale for the sentence having considered the factors in § 3553(a). The court read a portion of the victim impact statement highlighting the significance of this crime on the individual victim, and noted the need for a sentence to reflect the seriousness of the crime. Thus, the district court did not commit procedural error in sentencing Garrett. Moreover, the sentence was within the properly calculated Guidelines range; therefore we presume on appeal that the sentence is substantively reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). We conclude that Garrett has failed to rebut that presumption.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Garrett's conviction and sentence. This court requires that counsel inform Garrett, in writing, of the right to petition the Supreme Court of the United States for further review. If Garrett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Garrett. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>