**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4418**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TYRONE ROGERS, a/k/a Rone,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:15-cr-00049-H-1)

Submitted:  February 23, 2017      Decided:  February 27, 2017

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Rogers appeals his below-Guidelines 108-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute phencyclidine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). On appeal, Rogers' counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that he found no meritorious issues for appeal but questioning the validity of Rogers' plea and the reasonableness of his sentence. Rogers was informed that he could file a supplemental pro se brief, but has not done so. The Government has not responded to the Anders brief.

In accordance with Anders, we have reviewed the entire record in this case. We review errors raised only on appeal for plain error. United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995). Plain error requires that "(1) an error was committed; (2) the error was plain; and (3) the error affected [Rogers'] substantial rights." Id. An error affects substantial rights if it was prejudicial, meaning "[i]t must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, (1993).

At the plea hearing, while the magistrate judge did not have the plea agreement read in open court, he had a copy of the agreement, described the essential exchange between the parties,

and confirmed that Rogers understood the plea and consulted with counsel about it. Because all parties understood the plea and the magistrate judge discussed the main purpose of the plea, the failure to read the agreement in open court did not affect the outcome of the plea hearing and no reversible error occurred.

Nor did reversible error occur at the sentencing hearing when the district court did not expressly ask whether Rogers had read the presentence report or consulted with counsel about it. After Rogers' counsel objected to the report, the district court significantly lowered the Sentencing Guidelines range from the range in the presentence report. Accordingly, the error did not affect Rogers' sentence, and remand for resentencing would be fruitless. See United States v. Garrett, 371 F. App'x 429, 430 (4th Cir. 2010) (No. 09-4953).

Our review of the record reveals no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rogers, in writing, of the right to petition the Supreme Court of the United States for further review. If Rogers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rogers.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED