**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 10-4261**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MONTEZ NOBLE, a/k/a LT,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00151-PMD-3)

―――――――――

Submitted:  January 31, 2011      Decided:  March 17, 2011

―――――――――

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Robert L. Hallman, Jr., Columbia, South Carolina, for Appellant.
Sean Kittrell, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montez Noble pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006), and conspiracy to use and carry firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (2006). The district court sentenced Noble to 151 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in conducting the hearing pursuant to Fed. R. Crim. P. 11, whether the court failed to comply with Fed. R. Crim. P. 32, and whether the sentence is procedurally unreasonable. Noble was informed of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

Counsel first questions whether the district court fully complied with the requirements of Rule 11, and whether any of the district court's omissions rendered Noble's guilty plea unknowing and involuntary. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R.

2

Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002).

Here, because Noble did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Noble] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Noble satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Our review of the record reveals substantial compliance with the requirements of Rule 11. We therefore conclude that the district court did not plainly err.

Counsel next questions whether the district court complied with Fed. R. Crim. P. 32(i)(A), (D), in failing to allow Noble an opportunity to present any further objections to

3

the presentence report and failing to inquire whether trial counsel had reviewed the report with Noble. Fed. R. Crim. P. 32(i)(1)(D) states that a district court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." We have reviewed the record, however, and conclude that the district court presented Noble adequate opportunities to raise any objections to the presentence report.

With respect to the second claimed error, under Fed. R. Crim. P. 32(i)(1)(A), the district court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." However, the court "need not expressly ask whether the defendant has read the presentence report and discussed it with his counsel, provided there is . . . evidence in the record from which one could reasonably infer that the defendant and his counsel have read and discussed the report." United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995) (internal quotation marks and citation omitted). Where, as here, a defendant fails to raise this issue before the district court, this court reviews it only for plain error. Id. Having thoroughly reviewed the record, we conclude that the district court's failure to inquire on the record whether counsel and Noble had reviewed the report did not affect Noble's substantial rights.

4

We conclude, therefore, that the court's omission did not amount to plain error.

Finally, counsel questions whether the sentence is reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. Finally, we then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantially

reasonable. The district court properly calculated the guidelines range, considered the guidelines range along with the § 3553(a) factors, and explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009) (reaffirming that sentencing court must make individualized assessment on the record and explain rejection of parties' arguments for sentence outside guidelines range). Moreover, Noble cannot overcome the presumption of reasonableness we accord to his within-guidelines sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Noble, in writing, of the right to petition the Supreme Court of the United States for further review. If Noble requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Noble. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED